# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00634-CR

---

**William Charles Taylor, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-DC-07-300708, THE HONORABLE BOB PERKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

In 2007, appellant William Charles Taylor was convicted of the offense of aggravated assault with a deadly weapon and sentenced to 23 years' imprisonment. This Court dismissed Taylor's appeal from that conviction because the district court's certification showed that Taylor had no right of appeal. *See Taylor v. State*, No. 03-07-00613-CR (Tex. App.—Austin Nov. 13, 2007, no pet.) (mem. op., not designated for publication).[1]

Since that time, Taylor has filed in the Court of Criminal Appeals at least nine applications for writ of habeas corpus and at least four petitions for writ of mandamus, all of which were either dismissed or denied. *See, e.g.*, *Ex Parte Taylor*, No. WR-58,904-12, 2013 WL 6212194 (Tex. Crim. App. Nov. 27, 2013) (per curiam order) (observing that Taylor "continues to raise issues that have been presented and rejected in previous applications or that

---

[1] According to this Court's 2007 opinion, the district court's certification showed that this was a plea-bargain case and that Taylor had no right of appeal. However, the certification in the record showed that Taylor waived his right of appeal pursuant to an agreement with the State on a reduced sentence.

should have been presented in previous applications" and holding that "[b]ecause of his repetitive claims," Taylor's "claims are barred from review under Article 11.07, § 4, and are waived and abandoned by his abuse of the writ."). In this Court, Taylor also has filed at least one petition for writ of mandamus related to his 2007 conviction, which this Court denied, *see In re Taylor*, No. 03-11-00551-CV, 2012 WL 3553619, at *2 (Tex. App.—Austin Jan. 27, 2012, no pet.) (mem. op., not designated for publication); has attempted to appeal the denial of at least one of his applications for writ of habeas corpus, which this Court dismissed for want of jurisdiction, *see Ex parte Taylor*, No. 03-11-00423-CR, 2012 WL 3553619, at *1 (Tex. App.—Austin Jan. 27, 2012, no pet.) (mem. op., not designated for publication); and has filed a notice of appeal from the district court's order denying his motion to file an out-of-time motion for new trial, which this Court dismissed for want of jurisdiction, *see Taylor v. State*, No. 03-12-00174-CR, 2013 WL 599550, at *1 (Tex. App.—Austin Feb. 12, 2013, pet. ref'd) (mem. op., not designated for publication).

Taylor has now filed another notice of appeal from his 2007 conviction. Because the notice of appeal is untimely and because the district court has certified that Taylor has waived his right of appeal, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(a)(2), 26.2(a)(1).

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: December 22, 2021

Do Not Publish